UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61619-CIV-MARRA

MARIE VOLMAR,

    Plaintiff,
vs.

DISCOVERY SUN PARTNERSHIP,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Discovery Sun Partnership's Motion for Summary Judgment and Memorandum of Law in Support Thereof (DE 37). After Defendant Discovery Sun Partnership ("Discovery") filed its motion, Plaintiff's counsel filed a motion to withdraw. (DE 38). The Court granted Plaintiff's counsel's motion but instructed Plaintiff that she had "thirty (30) days from the entry of this order to retain a new attorney and have that attorney file a written appearance or file a written notification with the Clerk advising the Court that Plaintiff wishes to proceed *pro se*." (DE 41). When thirty (30) days passed and Plaintiff had not advised the Court how she wished to proceed, the Court presumed that she intended to proceed *pro se* and gave her notice that the Court would begin considering Discovery's motion on April 15, 2013. (DE 44). The Court also gave her instructions on how to respond to Discovery's motion. Plaintiff failed to respond. The Court has reviewed Discovery's motion and the record and is otherwise advised in the premises.

## I. Background

Plaintiff Marie Volmar alleges that she slipped and fell when she was a passenger on Discovery's cruise ship in July of 2010, the result of Discovery's employees negligently leaving

some water on the floor of the Karaoke & Lounge area. (DE 14 ¶ 5) ("Am. Compl."). Plaintiff does not know where the water came from, how long the water was on the floor before she slipped, or whether any of the ship's personnel knew there was water on the floor. (DE 37, Attach. 3 at 53–55: Plaintiff Marie Volmar Dep.).

## II. Legal Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party

2

cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249–50.

### III. Discussion

Plaintiff brings this negligence action under the Court's maritime jurisdiction. 28 U.S.C. § 1333. Per the Eleventh Circuit:

> In analyzing a maritime tort case, we rely on general principles of negligence law. To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. Concerning the duty element in a maritime context the Supreme Court held in *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959), that "a shipowner owes the duty of exercising *reasonable care* towards those lawfully aboard the vessel who are not members of the crew." (emphasis added).

*Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "[T]he benchmark against which a shipowner's behavior must be measured is *ordinary reasonable care under the circumstances*, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir.1989) (emphasis added); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358–59 (11th Cir. 1990).

In *Keefe*, the Eleventh Circuit reviewed a situation in which the plaintiff passenger slipped

and fell on a wet spot while dancing aboard the defendant's cruise ship. After a bench trial resulted in a plaintiff's verdict, the Eleventh Circuit reversed because the trial court made no express finding as to how long the wet spot existed before the plaintiff's fall. The appellate court held that the defendant cruise ship's liability "hinges on whether it knew or should have known about the treacherous wet spot," *Keefe*, 867 F.2d at 1322, so the court remanded for additional fact finding.

Here, assuming all facts in the light most favorable to Plaintiff and drawing all reasonable factual inferences in her favor, Plaintiff has failed to produce any evidence of when the spill occurred, how it occurred, how much time elapsed between the alleged spill and her alleged fall, and whether Discovery personnel were on notice of the spill for a sufficient interval of time before the fall to allow for corrective action. Even assuming Plaintiff slipped and fell as alleged, that fact by itself is insufficient as a matter of law to hold Discovery liable for her injuries. Plaintiff must present evidence that raises a genuine issue of material fact that Discovery was on notice, either actual or constructive, of the condition and it failed to take corrective action. She has failed to meet her burden here.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Discovery Sun Partnership's Motion for Summary Judgment and Memorandum of Law in Support Thereof (DE 37) is **GRANTED.** Judgment shall be entered separately.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of April, 2013.

_____
KENNETH A. MARRA
United States District Judge